Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ROLANDO BARREIRO VÁZQUEZ<br><br>Peticionario<br><br>v.<br><br>COM. PHYSICIAN CORRECTIONAL, ET ALS.<br><br>Recurridos | KLCE202401145 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: FPCI20240061<br><br>Sobre: Violación de derechos constituciones, daños y perjuicios |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

**Brignoni Mártir, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece ante nos, Rolando Barreiro Vázquez (en adelante, "el apelante"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Sentencia*" emitida el 3 de septiembre de 2024 y notificada el 6 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la referida "*Sentencia,*" dicho tribunal desestimó el pleito incoado por el apelante.

Por el apelante recurrir de una determinación que resuelve finalmente la cuestión litigiosa, acogemos el recurso presentado como una apelación.

Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen recurrido.

**I.**

El 17 de junio de 2024, el apelante, por derecho propio, presentó la demanda de epígrafe. Expresó, que se encuentra recluido en la institución

Número Identificador

RES2025_____

penitenciaria de Bayamón 501, en la cual está extinguiendo una pena de cuarenta y cinco (45) años, de conformidad con la determinación emitida el 6 de febrero de 2008, por el foro primario. En cuanto a las alegaciones de la demanda, en esencia ejercitó una causa de acción contra la compañía Physician Correctional y en contra de algunos funcionarios de la institución penitenciaria de Bayamón, por alegados actos culposos y negligentes cometidos por estos. Para sustentar sus alegaciones, planteó que se le ha privado de la medicación necesaria; que los oficiales de corrección no le habían permitido asistir a las terapias físicas que necesitaba por cuestiones de salud; que no le habían brindado una dieta libre de pescados, a pesar de tener problemas alérgicos; y que no había podido asistir a varios estudios y citas médicas por estar defectuoso el servicio de transporte de la institución carcelaria.

Argumentó, que las referidas alegaciones fueron infructuosamente planteadas por él en "remedios administrativos." Finalmente, entre otras cosas, peticionó que se le ordenara a Physician Correctional el pago de los gastos incurridos en su condición médica y una indemnización en daños por violación a derechos constitucionales, calculada en no menos de un millón de dólares. A su vez, solicitó que se les ordenara a los oficiales que realizan el servicio de transporte, el pago de una indemnización en daños por la suma de $20,000.00. Además, peticionó que se le designara una representación legal para su caso.

De otra parte, el apelante presentó una "*Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.*" Dicha solicitud fue declarada *Ha Lugar* el 14 de junio de 2024, por el foro recurrido. Consecuentemente, se eximió al apelante del pago de los aranceles correspondientes para tramitar el caso de epígrafe.

Así las cosas, el 15 de julio de 2024, el foro recurrido notificó "*Resolución y Orden.*" Mediante esta, declaró *No Ha Lugar* la solicitud de designación de abogado de oficio, bajo el fundamento de que el caso de epígrafe no reunía las circunstancias necesarias para tal designación. En

vista de ello, le concedió un término de cuarenta y cinco (45) días al apelante para que anunciara un representante legal. **A su vez, apercibió al apelante que, de no cumplir con lo ordenado, su reclamación podría ser desestimada sin perjuicio**.

Transcurrido el término para el apelante cumplir con la "*Resolución y Orden*," el 6 de septiembre de 2024, el foro recurrido notificó la "*Sentencia*" que nos cupa. Mediante esta, al amparo de la Regla 39.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, desestimó el pleito incoado por el apelante. En consecuencia, ordenó el archivo sin perjuicio del caso.

En desacuerdo, oportunamente el 24 de septiembre de 2024, el apelante entregó el recurso de epígrafe a su Oficial Custodio de la institución penitenciaria de Bayamón 501, y el 21 de octubre de 2024, el referido recurso fue presentado ante este Tribunal. Mediante dicho recurso, el apelante esbozó los siguientes señalamientos de error:

1). Entendemos [que el foro recurrido] no sopes[ó] la magnitud de los derechos violentados en este caso ante su presencia.

2). Entendemos, no se cotejó correctamente la aplicación para litigar como indigente (*pauperis*) [sic] pues entre otras cosas después de examinarla se daría cuenta cuanto tiempo [ll]eva encarcelado el peticionario ya que nunca pudo ni tan siquiera [sic] contestar ni una de las preguntas referido a su familia.

3). Ta[m]bién se err[ó] al no pensar cuán difícil se le [h]aría a un confinado responder [sic] continuamente por correspondencia con estas agencias y las direcciones que nos enviaron sin tener, muchas [v]eces ni como costear los sellos postales ya que, la Inst. tampoco nos los pro[v]een aunque no tengamos ni un centa[v]o en nuestra cuenta.

4). Entendemos también se err[ó] al no proveer una defensa para el señor Barreiro ya que al encontrarse confinado el Estado es quien debe cubrir todas sus necesidades y en estos momentos el señor Barreiro está falto de una defensa legal, para que le ayude con sus reclamos. [D]onde se le han afectado sus derechos fundamentales entre otros. [P]or tal razón si el Estado esta [dispuesto] a darme toda o a cubrir mis nece[s]idades. [E]sto incluye un defensor legal o un abogado.

5). Vuestro [H]onor, hay quienes [ll]aman esto un derecho rogado. [P]or tal razón si esto fuera así [sic] lo rogaríamos ya que sin una defensa legal estaríamos en total indefen[s]ión pues sabemos y entendemos que somos ignorantes ante la ley y no quisiéramos cometer el error [ininteligible] o rogarlo.

Evaluados los argumentos presentados por el apelante, procedemos a esbozar el marco doctrinal aplicable al presente caso.

**II.**

**Desestimación de un pleito al amparo de la Regla 39.2(a) de Procedimiento Civil**:

Nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221 (2001); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992). Ahora bien, una parte no tiene derecho a prolongar la vida de su caso "sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 816 (1986). En tales escenarios, los tribunales ostentan la facultad "para imponer una serie de sanciones contra aquella parte que incumpla una orden del tribunal". *Mitsubishi Motor v. Lunor y Otros*, 212 DPR 807, 818 (2023).

En contextos ocasionados por falta de diligencia los tribunales "tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte; ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente". (Énfasis nuestro). *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). A esos fines, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2(a) preceptúa la siguiente normativa:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. **Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis suplido).

Este mecanismo procesal procura que una parte responda con prontitud con el fin de alcanzar la solución justa, rápida y económica de

los casos y que las controversias se puedan atender en los méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, supra. Véase, también, *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998*).* No obstante, la precitada regla fija un proceso de notificaciones y apercibimientos previo a la desestimación del caso. Una vez se plantea ante el tribunal una situación que amerite la imposición de sanciones, este debe amonestar primeramente al abogado de la parte. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 297 (2012).

Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento. *Mejías et al. v. Carrasquillo et al.*, supra; *Mun. de Arecibo v. Almac. Yakima*, *supra*, págs. 222-223. (Énfasis nuestro). **Un tribunal no podrá imponer sanciones drásticas cuando "la parte que ejercita su derecho en corte no está informada de los trámites rutinarios"**. *Dávila v. Hosp. San Miguel, Inc.*, *supra*, pág. 814; *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). (Énfasis nuestro). **La no imposición de las referidas sanciones drásticas se fundamenta en que "de ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios."** *Dávila v. Hosp. San Miguel, Inc.*, supra, pág. 814. (Énfasis nuestro).

**III.**

En el caso ante nuestra consideración, el apelante recurre de una desestimación sin perjuicio, la cual consecuentemente produjo el archivo de su causa de acción de naturaleza civil, la misma que había presentado el 17 de junio de 2024. El motivo de dicha desestimación se debió a que el apelante no cumplió con la "*Resolución y Orden,*" que el foro sentenciador notificó el 15 de julio de 2024. Ante ello, en esencia, argumenta que el foro sentenciador incidió en su determinación, dado que, no examinó correctamente su solicitud para litigar en forma *Pauperis*,

y no designó una representación legal para su caso. Entiende el apelante, que tal proceder le provoca un estado indefensión. No le asiste la razón.

Surge de los hechos, que el apelante en su demanda peticionó al foro sentenciador que le designara representación legal en su reclamación de naturaleza civil. A su vez, el apelante presentó una "*Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*," la cual fue debidamente atendida y se le eximió del pago de los aranceles de presentación de su recurso. En cuanto a su petitorio sobre designación de asistencia legal, el foro sentenciador emitió una "*Resolución y Orden.*" Mediante esta, le informó correctamente al apelante que en nuestro ordenamiento jurídico no se reconoce un derecho a tener asistencia legal en casos de naturaleza civil. Además, dicho foro le concedió al apelante un término de cuarenta y cinco (45) días para informar un representante legal, y le apercibió que de no cumplir con lo ordenado el pleito podría ser desestimado sin perjuicio. A pesar de ello, el apelante no cumplió con la aludida orden ni presentó escrito alguno en el referido término.

Conforme el marco doctrinal expuesto, si bien es cierto que la desestimación de una causa de acción sin entrar en sus méritos debe ser de los últimos recursos a utilizarse, los tribunales también estamos obligados a desalentar la práctica de falta de diligencia y de incumplimiento de órdenes. Véase, *Mejías et al. v. Carrasquillo et al.*, supra, pág. 298. A la luz de ello, el tribunal de primera instancia ostenta la facultad de desestimar los pleitos que incumplan con lo ordenado. En el ejercicio cauteloso y juicio de ordenar la desestimación de un caso, la Regla 39.2(a), *supra* establece un orden de criterios antes de tomar la severa sanción de la desestimación.

Nótese, que en el referido orden se dispone que antes de desestimar un caso, el tribunal debe apercibir al abogado de la parte sobre la situación de incumplimiento. Dicho trámite no era necesario en este caso, toda vez que, el apelante no estaba representado por abogado

y fue directamente informado de las incidencias procesales del caso en cuestión.  A tenor de ello, antes de la determinación desestimatoria se le concedió un término para cumplir con lo ordenado. A su vez, fue apercibido de las consecuencias de incumplir con la "*Resolución y Orden"* dictaminada. A pesar de ello, el apelante no cumplió con la referida "*Resolución y Orden"*, por lo cual el foro sentenciador actuó correctamente al desestimar sin perjuicio la acción instada.

Cabe señalar, que, si el apelante considera que tiene algún derecho que reivindicar, aun tiene la posibilidad de instar una nueva reclamación dado que su pleito fue desestimado sin perjuicio. Ante ello, no se ha visto afectado su derecho a tener su día en corte.

**IV.**

Por los fundamentos expuestos, se confirma la "*Sentencia*" recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones